NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-977


CHRISTINA MINK DAUZAT

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 254,070
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Van H. Kyzar and Candyce G. Perret, Judges.


MOTION TO REMAND DENIED.


**Bonita K. Preuett-Armour**
**Armour Law Firm**
**Post Office Box 710**
**Alexandria, LA 71309**
**(318) 442-6611**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **State Farm Mutual Automobile Insurance Co.**

**Paul Mantle Lafleur**
**Attorney at Law**
**Post Office Box 1711**
**Alexandria, LA 71309**
**(337) 487-4910**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Erin Wright**

**Charles David Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Christina Mink Dauzat**

**CONERY, Judge.**

This court lodged an appeal in this case on October 24, 2017. On December 4, 2017, appellants, Erin Wright and State Farm Mutual Automobile Insurance Company (State Farm), filed a Joint Motion to Remand, moving this court to "remand this matter to the trial court in order for the trial court to state/clarify on the record in open court its ruling as to the admissibility of Exhibits D1-6, and, to the extent admissible, to admit those exhibits into evidence or to allow movers to proffer the exhibits if they are held inadmissible." Following a review of the record herein, we find the issue moot and deny the motion to remand as discussed below.

The instant case arises from an automobile collision wherein plaintiff, Christina Mink Dauzat, was rear-ended by defendant, Erin Wright. The accident occurred on May 7, 2015. Dauzat filed a Petition for Damages on or about October 7, 2015. A bench trial was held on April 1, 2017. On July 27, 2017, judgment was entered in favor of Dauzat and against Wright and her insurer, State Farm, in the sum of $17,741.51, with legal interest from the date of judicial demand. Costs of the proceedings were assessed to Wright and State Farm. Wright, State Farm, and Dauzat have filed appeals from the trial court's final judgment.

In their Joint Motion to Remand, Wright and State Farm state that at the beginning of the bench trial, defense counsel introduced the following exhibits: Exhibit D-1, certified copy of the Acadian Ambulance records; Exhibit D-2, certified copy of the medical records from Dr. David Guillot of Woodworth Family Medicine; Exhibit D-3, certified copy of the medical records from Dr. Gregory Dowd of Alexandria Neurosurgical Clinic; Exhibit D-4, certified copy of the medical records from Elite Physical Therapy; Exhibit D-5, MRI films from MRI Imaging; and, D-6, certified copy of the medical records from Rapides Regional Medical Center.

At trial, Dauzat introduced medical records and bills she deemed related to the case and which she maintains were stipulated to by the parties at the pretrial

conference and were previously provided to the trial court. State Farm clarified that it had stipulated to the authenticity of the bills. The records, Exhibit P-4, were subsequently admitted into evidence. When given the opportunity to introduce evidence, State Farm complained that Dauzat's medical records did not contain the entire certified copies; thus, it sought to introduce the complete certified copies of Dauzat's medical records. State Farm urged that Dauzat culled the medical records and included only those records she wished to include.

In response, Dauzat argued that many of the documents in the complete medical records were totally unrelated. As such, she pulled out the related documents and provided same, Exhibit P-4, to the trial court prior to trial. The trial court added that the parties had agreed at the pretrial conference to the admission of the medical records provided by Dauzat. Additionally, Dauzat pointed out, State Farm did not object to the admission of Exhibit P-4.

State Farm replied that it had no objection to the admission of the medical records of Dauzat's choosing. State Farm urged, however, that at the pretrial conference, it made it clear that a certified copy of the medical records is a complete copy of the record. The trial court subsequently agreed that State Farm had the right to introduce the entire record.

Next, Dauzat argued that the certification of medical records is the manner in which the record is authenticated and does not mean that the entire record is relevant. The trial court stated that it would cull out the information relevant to the accident. The trial court added, "I know what to look at based upon the deposition of the doctors. I've read all that. I understand that there's a couple of issues about her back pain, um, so I know what to look at and what, what to ignore."

State Farm proceeded to offer and introduce Exhibits D-1 through D-6. With regard to Exhibit D-6, the entire record from Rapides Regional Medical Center, Dauzat complained that the record contained a significant amount of information that

2

was not relevant. The trial court replied that during a recess or at the end of court, it would take the Exhibits D-1 through D-6 under advisement, go through the records and "do what we need to do" . . . "And then come in and put it on the record."

In preparing their brief on appeal, Wright and State Farm state that they discovered the appeal record did not contain Exhibits D-1 through D-6. Further, December 1, 2017, they learned that the exhibits had been returned to counsel for State Farm. Wright and State Farm now urge that it is necessary for this court to remand this matter to the trial court to state/clarify on the record its ruling as to the admissibility of Exhibits D-1 through D-6. Wright and State Farm contend that during trial, State Farm was allowed, over Dauzat's objection, to ask her questions regarding portions of Exhibit D-6 that were not contained in Exhibit P-4. Additionally, Wright and State Farm maintain that the trial court relied upon portions of Exhibit D-6 in its Written Reasons for Judgment.

In opposition to the motion to remand, Dauzat asserts that after appealing the case on August 1, 2017, Wright and State Farm requested and were granted an extension to file their appeal brief. A few days before the extension period expired, Wright and State Farm discovered that their exhibits had not been admitted at trial. Dauzat maintains that Wright and State Farm did not inform the trial court that they were in possession of the exhibits at issue, presumably since trial, and are just now realizing that Exhibits D-1 through D-6 were not admitted. Further, Dauzat states that Wright and State Farm did not request a ruling at the end of trial, nor did they proffer the exhibits. Lastly, Dauzat urges that Wright and State Farm have not cited any legal authority for the requested relief. If an argument is raised in the trial court, Dauzat contends, and there is no explicit ruling, the argument is deemed rejected. As such, Dauzat concludes that a remand will result in a delay of justice and result in additional court costs.

There is no dispute that the trial court took the complete medical records under advisement and stated that State Farm had the right to introduce a complete copy of the medical records. Since the motion to remand was filed in this court, however, on December 20, 2017, the trial court signed an Order Amending Written Reasons for Judgment, which reads as follows:

> During the trial in the above captioned matter, the Court took under advisement Exhibits D-1 through D-6 and inadvertently did not rule on the exhibits in the Written Reasons for Judgment on June 13, 2017.
>
> Therefore, at this time the Court finds exhibits D-1 through D-6 admissible and amends the original Written Reasons for Judgment to reflect that they are so admitted.

As such, the trial court has ruled on the admissibility of Exhibits D-1 through D-6; thus, the motion to remand the matter is now moot.

Considering the trial court's amendment to its original Written Reasons for Judgment, we hereby order the trial court to supplement the appellate record with Exhibits D-1 through D-6.

**MOTION TO REMAND DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.